IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND CLAUDIO,
      Petitioner,

vs.                                   Case No.:  5:13cv214/RS/EMT

SECRETARY, DEP'T OF CORR.,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction Petitioner received at Jackson Correctional Institution (doc. 16). Respondent filed a motion to dismiss the petition as moot (doc. 19). Petitioner filed a response in opposition to the motion (doc. 21). Respondent filed, with the court's permission, a sur-reply (doc. 26).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that this action is moot and should be dismissed for lack of jurisdiction.

I.      BACKGROUND AND PROCEDURAL HISTORY

On April 25, 2013, while in the custody of the Florida Department of Corrections ("FDOC"), Petitioner received a disciplinary conviction for disobeying an order (doc. 16 at 1). As a result of the conviction, Petitioner spent 30 days in disciplinary confinement (*id.*). In the instant petition, Petitioner challenges his disciplinary conviction on due process grounds, asserting that (1) one of the disciplinary report ("DR") team members made the DR decision unilaterally without providing

the other DR team member an opportunity to participate in the decision, (2) evidence supporting his retaliation defense (specifically, a video tape) was destroyed by a correctional officer, and (3) the evidence supported his retaliation defense (doc. 16 at 5–8).  As relief, Petitioner seeks reversal of the disciplinary conviction and its expungement from his prison record (*id.* at 14).  Petitioner was released from incarceration on September 16, 2013, upon expiration of his sentence (*see* docs. 12, 13).  On March 14, 2014, Respondent filed a motion to dismiss the petition as moot (doc. 19).

II.     DISCUSSION

"[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot."  Mattern v. Sec'y for Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir. 2007).  In circumstances analogous to those here, the Supreme Court held that a habeas petition challenging the validity of a parole revocation was rendered moot by the expiration of the petitioner's parole revocation sentence during the pendency of the habeas proceeding.  *See* Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998).  In Spencer, a state prisoner filed a federal habeas petition seeking to invalidate an order revoking his parole on the grounds that he was denied due process in the parole revocation proceeding.  During the pendency of the habeas proceeding, Spencer completed his term of imprisonment underlying the parole revocation, was re-released on parole and, two months after that, the term of his imprisonment expired.  The district court dismissed the petition, and the United States Court of Appeals for the Eighth Circuit affirmed, concluding that Spencer's claim had become moot because he suffered no "collateral consequences" of the revocation order.  523 U.S. at 5–6.  The Supreme Court agreed that Spencer's challenge to the parole revocation order was moot, explaining:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies [Article III's] case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction.  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

Spencer, 523 U.S. at 7 (citing Carafas v. LaVallee, 391 U.S. 234, 237–38, 88 S. Ct. 1556, 1559–60 20 L. Ed. 2d 554 (1968)).  The Court held that although it had been willing to presume the existence

of collateral consequences when a petition challenged the validity of a criminal conviction, it would not extend that presumption to a petition challenging the validity of a parole revocation.  Instead, when a petitioner attacking the termination of his parole status was released from custody due to the expiration of his parole revocation sentence during the pendency of his habeas proceeding, the petitioner must prove the existence of continuing "collateral consequences" of the parole revocation in order to meet Article III's standing requirement.  Spencer, 523 U.S. at 14; *see also* Lane v. Williams, 455 U.S. 624, 631, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982) (involving due process challenge to parole term that became moot when petitioner's parole term ended while the case was on appeal to the Sixth Circuit).  The Court rejected Spencer's arguments that there were a number of possible injuries he could suffer in the future on account of the parole revocation, finding that Spencer's asserted injuries were mere possibilities as opposed to certainties.  Spencer, 523 U.S. at 14–18 (rejecting petitioner's assertions that he continued to suffer collateral consequences of his parole revocation because the revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, or might be used against him in subsequent proceedings in which he might appear as a witness or defendant; the asserted injuries were not concrete injuries-in-fact sufficient to satisfy Article III's case-or-controversy requirement).

Here, Petitioner does not attack his underlying state court conviction; rather, he attacks only his prison disciplinary conviction.  The disciplinary confinement Petitioner incurred as a result of the disciplinary conviction is now over, and cannot be undone.  Subsistence of this suit requires, therefore, that Petitioner prove continuing "collateral consequences" of the disciplinary conviction.

Petitioner argues he continues to suffer collateral consequences of his disciplinary conviction, because Respondent's counsel told him that he would use the DR conviction to impeach Petitioner's testimony in a civil rights action pending in this court, Claudio v. Kelly, et al., Case No. 5:13cv354/MMP/GRJ, and another habeas action, Claudio v. Sec'y DOC, Case No. 5:13cv187/WS/CJK (*see* docs. 13, 17, 21).  Respondent's counsel states he never indicated to Petitioner that the DR would be used against him for the purpose of impeachment (doc. 26 at 2).  Respondent's counsel states he merely indicated to Petitioner, during a Rule 26(f) planning conference in the pending civil rights case, Claudio v. Kelly, et al., Case No. 5:13cv354/MMP/GRJ,

"that discovery *may* be needed on Petitioner's disciplinary history during his incarceration, amongst many other subject areas" of discovery (*id.* at 2).[1]  Respondent's counsel further contends that assuming he <u>intended</u> to attempt to utilize the DR for impeachment, Petitioner's assertion that he will <u>actually be able to do so</u> is based on the speculative assumptions that (1) Petitioner will testify in that matter, and (2) the trial judge will permit the impeachment in light of the governing provisions of the Federal Rules of Civil Procedure and the specific facts of that case (*id.* at 3).

Initially, Petitioner's other habeas action in which he challenged another DR, Case No. 5:13cv187/WS/CJK, was dismissed as moot on December 3, 2013, and is thus no longer pending. *See* <u>Claudio v. Sec'y DOC</u>, No. 5:13cv187/WS/CJK, 2013 WL 6243356, at *1 (N.D. Fla. Dec. 3, 2013).  With regard to the pending civil rights action, Petitioner's assertion that the DR conviction could be used to impeach his testimony is purely speculative.  Rule 609 of the Federal Rules of Evidence provides, in relevant part:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> > **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> >
> > > **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> > >
> > > **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
> >
> > **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

---

[1] Respondent's counsel states that Petitioner has so frequently misrepresented his communications with counsel, accusing him of deception and misconduct, that he has adopted the extreme course of action of, as of April 4, 2014, refusing to take Petitioner's telephone calls, and requiring that all of their communication take place through written correspondence or e-mail (doc. 26 at 3 n.1).

Case 5:13-cv-00214-RS-EMT   Document 30   Filed 04/22/14   Page 5 of 6

Fed. R. Evid. 609(a). Petitioner's DR conviction for disobeying an officer is not a conviction for a crime that was punishable by death or by imprisonment for more than one year. Further, Petitioner has not shown that the elements of the disciplinary offense of which he was convicted, namely, disobeying an officer, required proof of a dishonest act or false statement by Petitioner. Therefore, Petitioner's argument that the DR will be used against him in the pending civil rights case is speculative and insufficient to demonstrate he suffers a concrete injury-in-fact from the DR conviction, as required to satisfy Article III's case-or-controversy requirement.[2] Spencer, *supra*; *see also* Doss v. Crosby, 357 F. Supp. 2d 1334 (N.D. Fla. 2005) (prisoner's habeas petition, challenging prison disciplinary proceedings which resulted in the forfeiture of gain time, was rendered moot by prisoner's release on expiration of his sentence, regardless of whether petitioner's release removed the bar to any civil cause of action he might have, under § 1983 or otherwise, for challenging revocation of his gain time); *see also, e.g.,* Medberry v. Crosby, 135 F. App'x 333, 334 (11th Cir. 2005) (unpublished) (state prisoner's habeas petition, challenging placement on close management status because of disciplinary problems, was moot where it was not filed until more than one year after he was released from close management); Lenoir v. Sec'y, Dep't of Corr., No. 4:12cv333/RH/GRJ (N.D. Fla. Jan. 22, 2014) (unpublished) (habeas corpus petition challenging disciplinary conviction that resulted in loss of gain time and placement in disciplinary confinement was rendered moot by prisoner's release from incarceration); Claudio v. Sec'y DOC, No. 5:13cv187/WS/CJK, 2013 WL 6243356, at *1 (N.D. Fla. Dec. 3, 2013) (unpublished) (same); Mathews v. Crews, No. 4:12cv373/WS/CAS, 2013 WL 3991962 (N.D. Fla. Aug. 5, 2013) (unpublished) (habeas corpus petition challenging disciplinary conviction that resulted in placement in disciplinary confinement was rendered moot by prisoner's release from disciplinary confinement). Accordingly, this case must be dismissed.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant,"

---

[2] The same reasoning applies to any civil action Petitioner may have pending in state court, since the Florida Evidence Code includes a rule identical to Federal Rule 609. *See* Fla. Stat. § 90.610(1).

and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.       That Respondent's motion to dismiss (doc. 19) be **GRANTED**.

2.       That the amended petition for writ of habeas corpus (doc. 16) be **DISMISSED** for lack of jurisdiction.

3.       That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of April 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 5:13cv214/RS/EMT